

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00371-CR

---

DALTON LEE HESTAND, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the Criminal District Court 1
Tarrant County, Texas
Trial Court No. 1524386R, Honorable Elizabeth Beach, Presiding

---

July 1, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant, Dalton Lee Hestand, was convicted of aggravated assault causing serious bodily injury and for an accident involving serious bodily injury. Through two issues, he contends that 1) he was unlawfully assessed duplicate court costs and 2) the trial court erred in permitting expert testimony regarding "novel technology." We affirm.[1]

---

[1] Because this appeal was transferred from the Second Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

*Background*

Through two counts, appellant was charged with aggravated assault involving a traffic accident causing serious bodily injury and for involvement in an accident causing serious bodily injury and failing to immediately stop. The charges were tried to a jury.

During trial, Shanta Williams testified that she and her husband were coming home from dinner on the evening of February 11, 2017, when she observed "lights erratically cross in [her] . . . rear view mirror." She had time to advise her husband that "they're wrecking out behind us" before their car was hit and pushed off the highway. The witness also described 1) seeing another car "flip[] upside down or on its side .[with] kids thrown - possibly thrown out of the car"; 2) their vehicle being struck by a Honda Pilot and learning that the Honda had been hit by another vehicle; and 3) seeing the chaotic nature of the scene involving several EMS personnel, damaged cars, seven children in the Honda having tumbled down an embankment, two of the seven having been ejected from the vehicle, and one of the two laying under the tire of the vehicle.

Evidence further revealed the involvement of a third vehicle. It initially struck the Honda which caused the Honda to strike the Williams' vehicle. The driver of the third vehicle, a black Dodge truck, drove away from the scene without stopping. The truck was later found in a nearby park. It had damage to its front end. So too was its ignition drilled and license plates removed. Appellant owned the truck, and, after the police unsuccessfully attempted to contact him, he reported it stolen. Witnesses placed appellant in the truck at the time of the incident, however. Additionally, his friends were the ones who had drilled the ignition and removed the plates.

The driver of the Honda pilot testified that she was driving at the speed limit when hit with enough force to cause her to lose control of her vehicle and then strike that of the Williams. Kathryn Griffin, a friend of appellant's, also described how she was driving a vehicle in a group of vehicles that included appellant.

According to Griffin, appellant "came up behind [her], and then that's when [she] kind of sped up, because [she] was scared that he was going to hit [her] truck." At one point, appellant was so close to her car that she could not see the headlights of his truck. She also described how 1) the traffic flowed at about 55 to 60 miles per hour as appellant drove around her on the shoulder of the road; 2) appellant used the shoulder of the road to drive around other cars; and 3) a red car flipped off the side of the highway.

Other friends of appellant also described his driving as "fast," as being around 75 to 90 mph, "hectic," above the speed limit, and "[k]ind of reckless[]." One saw him "rear-end[]" the Honda Pilot, and the Honda "sideswipe a white car and [go] into the ditch." When asked if appellant was attempting to show-off with the way he was driving prior to the accident, the witness said, "probably yes."

Lastly, Tim Lovett with Crash Dynamics testified regarding the speed at which appellant drove. According to Lovett, data obtained from the airbag control systems or airbag control modules (ACM) indicated that appellant was driving at 96 mph five seconds before the collision but 70 mph at the time of impact. The posted speed limit was 45 mph.

*Issue One – Duplicate Court Costs Assessed*

Through his first issue, appellant contends that he was "unlawfully assessed duplicate court costs in both convictions" and that the judgment for his involvement in a traffic accident should be modified by deleting the court costs assessed. The State has conceded that the judgment in Count Two is incorrect but, nevertheless, asserts that it should be modified to include $74 in court costs instead of $0. It also argues that the costs assessed in Count One should be modified to reflect $289 instead of the $329 specified in the trial court's judgment.

Statute provides that "[i]n a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West 2018). Our review of the appellate record, bills of costs, and judgments reveal that through the judgment in Count I, the trial court assessed costs of $329. However, the applicable bill of cost for that offense totaled only $289. As for the judgment in Count II, it reflects costs of $363.00, which mirrored the sum within the bill of costs attached thereto. Yet, all the latter costs duplicate those assessed via the judgment in Count I, except for two expenses. Those two expenses consist of $40 as a jury fee and $34 for DNA testing. Together, they total $74.

Accordingly, we sustain appellant's first issue. Given the State's concession, we modify the judgment in Count I to reflects costs of $289. Regarding the judgment manifesting Count II, we modify it to reflect the assessment of costs of only $74.

*Issue Two – Expert Testimony*

Through his second, appellant alleges that the trial court erred in admitting the testimony of Tim Lovett. Purportedly, the method by which the witness determined appellant's speed at impact and before was too novel. Yet, Lovett was not the only witness to address appellant's speed. Others did so as well. They included his friends who rode with him or in a group of cars which he passed while travelling recklessly and up to 90 mph. In short, the substance of Lovett's testimony regarding speed was cumulative of other evidence about which appellant does not object. Consequently, any alleged error in admitting Lovett's testimony regarding appellant's speed is harmless. *Woods v. State*, No. 02-17-00367-CR, 2018 Tex. App. LEXIS 8729, at *28 (Tex. App.—Fort Worth Oct. 25, 2018, pet. ref'd) (mem. op., not designated for publication) (stating that "[e]rror in the admission of evidence is generally considered harmless when other properly admitted evidence provides the same facts to the jury").

Accordingly, we reform the judgment in Count I to reflect and assess court costs in the amount of $289, and reform the judgment in Count II to reflect and assess court costs in the amount of $74. The judgments are affirmed as modified.

Per Curiam

Do not publish.

5